**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GREG L. JOHNSON, SB# 132397
  E-Mail: Greg.Johnson@lewisbrisbois.com
TIMOTHY J. NALLY, SB# 288728
  E-Mail: Timothy.Nally@lewisbrisbois.com
2020 W. El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant PVH CORP.
d/b/a Tommy Hilfiger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NELSON, on behalf of himself and of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PVH CORP., A California Corporation, D/B/A Tommy Hilfiger, and DOES 1 to 10,<br><br>Defendants. | CASE NO. 8:15-cv-00512-AG-RNB<br><br>**ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Trial Date:      None Set |

Responding Party PVH Corp. ("Defendant"), erroneously named in this lawsuit as PVH Corp., A California Corporation, D/B/A/ Tommy Hilfiger, responds to the First Amended Complaint for Damages Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("Complaint") filed by Plaintiff James Nelson ("Plaintiff"), as follows:

1.      Defendant admits that it owns and operates subsidiaries engaged in retail apparel sales throughout the United States and, in so doing, its subsidiaries engage in marketing campaigns through various media, including through mobile marketing. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.      The prohibitions of the TCPA and its related regulations are legal

4839-4245-6103.1

ANSWER TO COMPLAINT FOR DAMAGES

conclusions that do not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA and its related regulations speak for themselves.

3. The mandates of the TCPA and its related regulations are legal conclusions that do not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA and its related regulations speak for themselves.

4. The provisions of the TCPA and its related regulations speak for themselves.

5. Defendant admits that the 2012 TCPA Order was released to the public by the FCC. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. The requirements of the 2012 TCPA Order and its related regulations are legal conclusions that do not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA and its related regulations speak for themselves. The 2012 TCPA Order speaks for itself.

7. Defendant admits that the effective date of the 2012 TCPA Order was October 16, 2013. The publication known as the Federal Register speaks for itself.

8. The 2012 TCPA Order speaks for itself.

9. Denied.

10. Denied.

11. Defendant denies having sent text messages without having obtained prior express consent, and denies having caused any consumers actual harm as a result of any text messages sent. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Defendant admits that Plaintiff has purported to bring this suit under

the TCPA on behalf of himself and a putative class of similarly situated persons, and seeks statutory damages, costs and attorneys' fees. Defendant denies any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Whether the Court has jurisdiction is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court.

14. Defendant admits that it is engaged in business in this District. Whether venue is proper in this district is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Defendant denies that it is a California Corporation, but admits that its principal place of business is in New York.

17. Admitted.

18. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. Defendant denies that it uses automated computer equipment to send bulk SMS text messages to cellular telephone subscribers. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. Defendant lacks sufficient factual basis to admit or deny the allegations

set forth in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Defendant denies having sent unsolicited or illegal text messages and denies having caused consumers any kind of actual harm. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. The requirements of the TCPA and its related regulations are legal conclusions that do not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA and its related regulations speak for themselves. Defendant admits to sending text messages to participants of its mobile marketing program but denies the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that a text message of the substance alleged in Paragraph 26 was sent to participants of its mobile marketing program that requested to participate by sending a text message to a designated short code. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. Defendant admits that a text message of the substance alleged in Paragraph 27 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. Defendant admits that a text message of the substance alleged in Paragraph 28 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant admits that a text message of the substance alleged in Paragraph 29 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Defendant admits that a text message of the substance alleged in Paragraph 30 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. Defendant admits that a text message of the substance alleged in Paragraph 31 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Defendant admits that a text message of the substance alleged in Paragraph 32 was sent to participants of its mobile marketing program. Defendant lacks sufficient factual basis to admit or deny the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant admits that text messages to participants of its mobile marketing program were sent using short code 289784 but denies the remaining allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Denied.

36. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant admits that the text messages alleged in Plaintiff's complaint were not sent for emergency purposes. Defendant denies the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Whether equipment constitutes an ATDS as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in

Paragraph 39 of Plaintiff's Complaint.

40. Whether equipment constitutes an ATDS as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Whether equipment constitutes an ATDS as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Whether a text message constitutes an artificial or prerecorded voice call as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court.

43. Whether equipment constitutes an ATDS as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies that it sent any text messages without obtaining consent from those to whom it sent text messages. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. Denied.

45. Denied.

46. Defendant admits that data and information reflecting requests to participate in its mobile marketing program are collected and recorded, but denies the remaining allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant admits that Plaintiff purports to have brought this action on his behalf and on behalf of all others similarly situated. Defendant denies the remaining allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Whether a putative class satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Whether a putative class satisfies the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Whether a putative class satisfies the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. Whether a putative class satisfies the adequacy requirement of Rule 23 of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Whether a class is ascertainable as set forth in Rule 23 of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Whether a case can be brought and maintained as a class action under Rule 23(b)(1) or Rule 23(b)(3) of the Federal Rules of Civil Procedure is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 53 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

54. Defendant incorporates by reference all of the above responses to Plaintiff's Complaint as though fully stated herein.



ANSWER TO COMPLAINT FOR DAMAGES

55. The acts made unlawful by the TCPA is a legal conclusions that does not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA speak for themselves.

56. The acts made unlawful by the TCPA and its related regulations is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. The provisions of the TCPA and its related regulations speak for themselves.

57. Whether equipment constitutes an "automatic telephone dialing system" as defined by the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant denies the remaining allegations set forth in Paragraph 57 of Plaintiff's complaint.

58. Defendant lacks sufficient factual basis to admit or deny the capacity of the equipment used to send the text messages alleged in Plaintiff's Complaint and therefore denies the same. Defendant denies the remaining allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59. Defendant lacks sufficient factual basis to admit or deny the capacity of the equipment used to send the text messages alleged in Plaintiff's Complaint and therefore denies the same. Defendant denies the remaining allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60. Defendant admits that text messages were sent to participants in its mobile marketing program, but lacks sufficient factual basis to admit or deny the capacity of the equipment used to send the text messages and therefore denies the same. Defendant denies the remaining allegations set forth in Paragraph 60 of Plaintiff's complaint.

61. Whether a text message constitutes "an artificial or prerecorded voice" within the meaning of the TCPA is a legal conclusion that does not require an admission or denial. Defendant refers all matters of law to the court. Defendant lacks sufficient factual basis to admit or deny the allegations set forth in Paragraph

61 of Plaintiff's Complaint and therefore denies the same.

62. Denied.

63. Denied.

## DEFENDANT'S DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

As a first defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Consent)

As a second defense, Defendant alleges that Plaintiff consented to and/or invited the conduct from which he seeks relief.

### THIRD DEFENSE
### (Estoppel)

As a third defense, Defendant alleges that Plaintiff is estopped from recovering damages from Defendant by his own conduct.

### FOURTH DEFENSE
### (Unclean Hands)

As a fourth defense, Defendant alleges that Plaintiff's Complaint, in whole or in part, is barred by the principle of unclean hands.

### FIFTH DEFENSE
### (Failure to Mitigate)

As a fifth defense, Defendant alleges that any and all damages sustained by Plaintiff, if any, are the direct and proximate cause of Plaintiff's failure to mitigate his damages.

### SIXTH DEFENSE
### (Due Diligence)

As a sixth defense, Defendant states that it has exercised due diligence and

relied in good faith on the representations of others, and is not aware of and had no way of becoming aware of any alleged wrongdoing or omissions.

**SEVENTH DEFENSE**
**(Avoidance)**

As a seventh defense, Defendant alleges that Plaintiff failed to take precautions that would have avoided and/or diminished his injuries and damages, if any.

**EIGHTH DEFENSE**
**(Excessive Fines)**

As an eighth defense, Defendant alleges that the award of statutory penalties against Defendant would violate the prohibition against excessive fines of the United States Constitution.

**NINTH DEFENSE**
**(Statutory and Regulatory Compliance)**

As a ninth defense, Defendant states that, at all times, it has complied with all requirements under relevant statutes and regulations.

**TENTH DEFENSE**
**(Ratification)**

As a tenth defense, Defendant states that Plaintiff and/or putative class members ratified any conduct allegedly engaged in by Defendant giving rise to this Complaint.

**ELEVENTH DEFENSE**
**(Reservation of Rights)**

As an eleventh defense, Defendant states that it currently has insufficient information upon which to form a belief as to whether it has additional defenses available. Defendant reserves its right to assert additional defenses in the event investigation and discovery indicate such additional defenses would be appropriate.



WHEREFORE, Defendant respectfully request:

1. A judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of this Complaint; and

2. That the Court award Defendant its cost of suit herein and such other further relief as the Court deems just.

DATED: September 1, 2015      LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  /s/ *Greg L. Johnson*
    Greg L. Johnson
    Timothy J. Nally
    Attorneys for Defendant PVH CORP. d/b/a Tommy Hilfiger